UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:21-CR-039-S-1-REW-HAI |
| v. ) | |
| ) | ORDER |
| MARCUS RUFFIN, ) | |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 252 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Marcus Ruffin's guilty plea and adjudge him guilty of a lesser included offense of Count One of the Superseding Indictment (DE 81). *See* DE 253 (Recommendation); *see also* DE 251 (Binding Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 253 at 2-3. The established three-day objection deadline has passed, and no party has objected. The Court audited the full plea hearing and accounts for the parties' elements and factual basis discussions in issuing this Order.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate judge's report and recommendation he has forfeited his right to raise this issue on appeal'"); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and

forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 253, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of the stated lesser included offense of Count One of the Superseding Indictment (that is, voluntary manslaughter, as Ruffin admitted to unlawfully killing the victim, at the BOP, upon a sudden quarrel but not with malice);[1] and

2. The Court will issue a separate sentencing order.[2]

This the 16th of October, 2023.

Signed By:
*Robert E. Wier*  REW
United States District Judge

---

[1] With the acceptance, the Court **CANCELS** the jury trial, scheduled for November 13, 2023, as to this defendant only. Given Ruffin's guilty plea, his motion to sever, *see* DE 212, is now moot. Accordingly, DE 212 is **DENIED**.

[2] Judge Ingram remanded Ruffin to custody post-plea, which preserved his status following arraignment. *See* DE 89; DE 252. As such, Ruffin will remain in custody pending sentencing, subject to intervening orders.